UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FANY BONILLA, and others similarly-
situated,

      Plaintiffs,

vs.

SOUTH BEACH MUNCHIES, INC., a
Florida corporation, and JORGE DIAZ,
individually,

      Defendants.

_____/

CASE NO.

MAGISTRATE JUDGE

**FLSA COMPLAINT**

COMES NOW, Plaintiff, FANY BONILLA, by and through her undersigned attorney, and sue Defendants, SOUTH BEACH MUNCHIES, INC., a Florida corporation, and JORGE DIAZ, individually (hereinafter collectively referred to as "the Employer," except when referred to individually), and alleges:

JURISDICTIONAL ALLEGATIONS

1.      This is an action to recover money damages for unpaid minimum and overtime wages, under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. § 448.10, Fla. Const. Art. 10 § 24, under 28 U.S.C. § 1343. The Court also has supplemental jurisdiction over the Florida constitutional and statutory law claim, pursuant to 28 U.S.C. § 1367, as they are so related to the pending FLSA minimum wage claims, so that they form part of the same cause.[1]

---

[1]Plaintiff has served Defendants with the pre-suit notice required by F.S. 448.110.

2.      The corporate Defendant, SOUTH BEACH MUNCHIES, INC., is a Florida corporation, having its principal place of business in Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was engaged in interstate commerce.  The individual Defendant, JORGE DIAZ, is a resident of Miami-Dade County, Florida.

3.      This action is brought by Plaintiff to recover from the Employer unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206 and 207.

4.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

5.      By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as

defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

6.     The individual Defendant, JORGE DIAZ, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as the Plaintiff and opt-in plaintiffs.

<u>COUNT I</u>
<u>UNPAID MINIMUM WAGE</u>

7.     Plaintiff realleges and reavers paragraphs 1 through 6 as fully set forth herein.

8.     The corporate Defendant is a restaurant specializing in Cuban cuisine in Miami, Florida.  Plaintiff was employed by Defendants as a server.  Several and distinct minimum wage violations occurred in relation to the Plaintiff.  Plaintiff earned a cash wage in addition to receiving tips from the restaurant's patrons.  Because she received tips, Defendants purported to take the "*tip credit,*" which is allowed by the FLSA provided that some strict statutory conditions are met. 29 U.S.C. § 203(m).  Accordingly, Plaintiff was paid a reduced cash wage throughout her employment. The balance of the cash wage was purportedly made up through utilization of the *"tip credit."*

**Tip Credit Is Invalidated Because the Employer Took Control of Plaintiff's Tips**

9.     Tips are, as a matter of law, the property to whom they are given.  One of the conditions precedent for the *"tip credit"* availability is that the employees be allowed to retain all tips received by them.  In this case, the *"tip credit"* is unavailing because the Employer took control of Plaintiff's tips.  The Employer would count the tips collected during the shift and would take control of a significant portion of those tips.  The Employer must thus pay Plaintiff the full minimum wage.  The tips received by Plaintiff is not the property of the Employer.  If the Employer

3

takes control of the tips, directs the employee to share tips with employees who do not earn tips, or if the Employer treats the tips as part of its gross receipts, the Employer loses the right to claim the *"tip credit"* allowed by the FLSA.

### Tip Credit Is Invalidated Because Plaintiff Was Not Paid the Required Cash Wage

10.     Another condition for the "*tip credit*" availability is that employees be paid the required cash wage (i.e., $3.13 in 2005, $3.38 in 2006; $3.65 in 2007; $3.77 in 2008; $4.19 from January 2009 through July 24,2009; and $4.23 thereafter, *for every hour worked*). A Federal and State minium wage violation occurred because the Employer failed to pay Plaintiff the required reduced cash wage, for certain time periods, which is a condition precedent to claiming the tip credit.[2]

11.     Lastly, the *"tip credit"* is also unavailing because the Employer failed to *"inform"* Plaintiff of their intention to claim a *"tip credit,"* as required by The FLSA, 29 U.S.C. § 203(m).

### Estimated Minimum Wage Damages

12.     Because the *"tip credit"* is unavailing, the Employer must pay Plaintiff the full minimum wage. Plaintiff estimates her minimum wage damages as follows:

**May 2005 through December 2005**
54 hours x $3.00 [$6.15 - $3.50 = $3.00] = $162.00 x 35 weeks = $5,670.00.

**January 2006 through December 2006**
54 hours x $2.90 [$6.40 - $3.50 = $2.90] = $156.60 x 52 weeks = $8,143.20.

**January 2007 through December 2007**
54 hours x $3.17 [$6.67 - $3.50 = $3.17] = $171.18 x 52 weeks = $8,901.36.

**January 2008 through May 2008**
54 hours x 3.29 [$6.79 - $3.50 = $3.29] = $177.66 x 21 weeks = $3,730.86.

---

[2]When damages are calculated, the Employer will be credited the actual dollar amount paid each week.

4

**June 2008 through December 2008**
54 hours x $1.79 [$6.79 - $5.00 = $1.79] = $96.66 x 31 weeks = $2,996.46.

**January 2009 through July 2009**
54 hours x $2.21 [$7.21 - $5.00 = $2.21] = $119.34 x 30 weeks = $3,580.20.

**August 2009 through December 2009**
54 hours x $2.25 [$7.25 - $5.00 = $2.25] = $121.50 x 22 weeks = $2,673.00.

Total amount of minimum wages owed: $35,695.08 x 2 (liquidated) = $71,390.16.[3]

13.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated were not paid the required minimum wage as required by the FLSA and Florida law.  The additional persons who may become plaintiffs in this action are other servers of Defendants who are and who were subject to the payroll practices and procedures described above, and were not paid the required minimum wage.

14.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA and Florida law concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff's and those similarly-situated employees employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

15.     As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the required Federal and Florida minimum unpaid minimum wage compensation.

---

[3]At this time, we neither have complete time or payroll records.  Accordingly, we estimate Plaintiff's damages and reserve the right to amend our calculations.  The calculations are but an estimate.  The amount of Plaintiff's minimum wage and overtime damages will fluctuate once calculations are made week by week based on the time and payroll records. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946).

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act and Florida law, whichever is greater, along with court costs.  In the event that the Plaintiff and those similarly-situated do not recover liquidated damages, then the Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

<u>COUNT II</u>
<u>UNPAID OVERTIME</u>

16.     Plaintiff realleges and reavers paragraphs 1 through 15 as fully set forth herein.

17.     Plaintiff was paid a reduced cash wage and the balance of the required minimum wage was purportedly made up through the "tip credit," allowed by the FLSA.  Accordingly, Plaintiff's hourly rates ranged from $6.15 through $7.25, throughout her employment.  Plaintiff estimates that she worked an average of 54 hours per week; however, the Employer failed to pay her overtime wages as required by the FLSA.  The FLSA requires that the Employer pay Plaintiff one and one-half times her hourly wage for the hours worked in excess of forty (40) per week.  Plaintiff estimates her overtime damages as follows:

**January 2007 through December 2007, When the Florida Minimum Wage was $6.67**
14 overtime hours x $3.335 (half-time the minimum wage) = $46.69 x 52 weeks = $2,427.88.

**January 2008 through December 2008,When the Florida Minimum Wage was $6.79**
14 overtime hours x $3.395 (half-time the minimum wage) = $47.53 x 52 weeks = $2,471.56.

**January 2009 through July 2009, When the Florida Minimum Wage was $7.21**
14 overtime hours x $3.605 (half-time the minimum wage) = $50.47 x 30 weeks = $1,514.10.

**August 2009 through December 2009, When the Florida Minimum Wage was $7.25**
14 overtime hours x $3.625 (half-time the minimum wage) = $50.75 x 22 weeks = $1,116.50.

Total overtime owed: $11,366.39 x 2 (liquidated) = $22,732.78.

19.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay the Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

20.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

21.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated request compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that the Plaintiff and those similarly-situated do not recover liquidated damages, then the Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

<u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By: *s/Edilberto O. Marban*
      EDDY O. MARBAN, ESQ.
      Fl. Bar No. 435960

8